IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06CV476-R

| | |
|---|---|
| JOYCE E. PATTERSON,<br>Administratrix of the Estate of<br>YOLANDA EVETT<br>PATTERSON HEMPHILL,<br><br>Plaintiff,<br><br>v.<br><br>D. WHITLOCK, TERRY SULT,<br>CITY OF GASTONIA, and<br>JENNIFER STULTZ,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) **MEMORANDUM AND RECOMMENDATION**<br>**AND ORDER** |

**THIS MATTER** is before the Court on the remaining Defendants' "Motion to Dismiss . . ." (document #136) and "Memorandum of Law in Support . . ." (document #137), both filed June 5, 2008. The Plaintiff filed her "Memorandum in Opposition . . ." (document #139) June 23, 2008. The Defendants have not filed a reply, and the time for doing so has expired.

This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and the Defendants' Motion is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the Defendants' Motion to Dismiss be <u>granted</u>, as discussed below.

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

This action asserts claims against the remaining Defendants for violation of the decedent's civil rights pursuant to 42 U.S.C. § 1983 and the United States and North Carolina Constitutions;

and for negligent and intentional infliction of emotional distress, assault and battery, false imprisonment, negligence, wrongful death, and nonfeasance by a law enforcement officer. The Plaintiff alleges that on August 20, 2004, the decedent was unlawfully arrested by security officers at the Sears store in the Westfield/Eastridge Mall in Gastonia and that excessive force was used in effectuating her arrest. Although the decedent complained to the security guards that she was experiencing difficulty breathing, the Plaintiff alleges that paramedics were not called until a Gastonia Police Officer arrived on the scene, that the paramedics only briefly considered the decedent's condition, and that she continued to complain of her difficulty breathing as she was being transported to the Gaston County Jail. The Plaintiff further alleges that when the decedent was taken to jail, her requests for medical assistance were repeatedly denied. It is undisputed that the decedent died later that day.

This action was filed in Gaston County's Superior Court Division August 21, 2006, and removed to this Court on November 17, 2006. Removal has not been challenged and appears proper.

Relevant to the subject Motion, on January 24, 2008, the Honorable Martin K. Reidinger entered an Order dismissing all but the four remaining Defendants.[1] The remaining Defendants include the City of Gastonia, D. Whitlock (a police officer in the City of Gastonia Police Department), Terry Sult (City of Gastonia Police Department Chief of Police), and Jennifer Stultz (Mayor of the City of Gastonia).

The Defendants seek dismissal on several grounds. First, they seek dismissal based upon the Plaintiff's alleged improper service of process – both in her actual physical attempts at serving these parties and in the substance of what was served, which is alleged to have been missing several pages

---

[1] The January 24, 2008 Order dealt extensively with the Plaintiff's failure to perfect service on the dismissed Defendants.

of the Complaint. The Plaintiff's responsive argument (in its entirety) is as follows:

> The Plaintiff submits the amended Affidavit of Anna Mahmood, which clearly establishes and rebuts any presumptions that these Defendants failed to receive copies of the entire Complaint.
>
> Further, according to Rule 4 of the NC Rules of Civil Procedure, service upon a city or town, through certified mail is made by mailing a copy of the summons and Complaint, registered or certified mail, return receipt requested, addressed to its mayor city manager or clerk.
>
> The Affidavit of Service, of Pamela A. Hunter, clearly established the City of Gastonia and Terry Sult, Chief of Police was [sic] properly served by certified mail. (Doc. 95, 125)
>
> Additionally, the Affidavit of James Dewitt, process server, clearly establishes that the Summons and Complaint were also properly served by personal service, upon the City of Gastonia, Terry Sult, in his official capacity and, D. Whitlock in [sic] official capacity. (Doc. 95)

The Defendants argue that pursuant to Federal Rule of Civil Procedure 12(b)(6) Defendants Sult and Stultz should be dismissed because the Complaint fails to allege any actionable negligence as to these Defendants. In addition, Defendant Sult argues that he should be dismissed because "he was not an employee of the City of Gastonia on the date of the alleged event and could not be liable under any circumstances," and has provided affidavits to support this assertion. The Plaintiff did not address the Rule 12(b)(6) arguments in her two-page response.

## II. DISCUSSION

### A. Rule 12(b)(2), (4), (5) Motion to Dismiss

#### 1. Standard of Review

The procedural requirement that a summons be properly served must be satisfied before a federal court may exercise personal jurisdiction over a defendant. Omni Capital Int'l v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987). Accordingly, a "motion to dismiss for insufficient service of process

3

is permitted by Federal Rule 12(b)(5)." O'Meara v. Waters, 464 F. Supp. 2d 474, 476 (D. Md. 2006). Once the sufficiency of service is challenged, the Plaintiff bears the burden of establishing that service of process has been accomplished in a manner that complies with Fed. R. Civ. P. 4. See, e.g., Plant Genetic Systems, N.V. v. Ciba Seeds, 933 F. Supp. 519, 526 (M.D.N.C. 1996).

Technical compliance with Rule 4 is not always required, and where actual notice is received, Rule 4 "should be liberally construed to effectuate service and uphold the jurisdiction of the court." Karlsson v. Rabinowitz, 318 F.2d 666, 668 (4th Cir. 1963). Nevertheless, "the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored." Armco, Inc. v. Penrod-Stauffer Bldg. Systems, Inc., 733 F.2d 1087, 1089 (4th Cir. 1984). See also, Tart v. Hudgins, 58 F.R.D. 116, 117 (M.D.N.C. 1972) (noting that the liberal construction of Rule 4 does not mean "that the provisions of the Rule may be ignored if the defendant receives actual notice").

## 2. Service of Process

The Defendants argue that this action should be dismissed because service of process has not been perfected. First, the Defendants argue that the Plaintiff did not perfect service prior to removal to this Court because "there is nothing in the record to indicate these defendants were served with the original summons issued in State Court." The Court has been unable to locate any such evidence in the record, and the Plaintiff has made no argument that she did perfect service prior to removal nor has she presented any supporting evidence. Thus, the Court must conclude that service was not perfected prior to removal. See Plant Genetic Systems, 933 F. Supp. at 526 (a plaintiff bears the burden of establishing that service of process has been accomplished).

As Judge Reidinger found in his January 24, 2008 Order, determining that the service of process was insufficient at the state court level does not end the inquiry. Title 28, § 1448 of the United

States Code provides:

> In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process of service may be completed or new process issued in the same manner as in cases originally filed in such district court.

28 U.S.C. § 1448. Thus, even if service of process was defective in the state court proceeding or was never even attempted at all, § 1448 affords the Plaintiff an opportunity upon removal (1) to serve any Defendants not served in the state court proceeding, and (2) to re-serve any Defendants who were improperly served while the matter was pending in state court. See, e.g., January 24, 2008 Order (document #129).[2]

Thus, the Court must determine whether service of process has been perfected by the Plaintiff since removal. Federal Rule of Civil Procedure 4(m) requires that a defendant be served within 120 days after the Complaint is filed. In removal cases, this requirement has been interpreted to allow the Plaintiff 120 days from the date of removal to serve process pursuant to federal law. See, e.g., Motsinger v. Flynt, 119 F.R.D. 373, 377 (M.D.N.C. 1988). Accordingly, the time to perfect service in this case ran on March 19, 2007.

The Plaintiff bears the burden of proving that service of process was valid as to each Defendant. See Plant Genetic Systems, 933 F. Supp. at 526; and January 24, 2008 Order at 20 (document #129). To satisfy this burden, the Plaintiff must submit proof that service was properly effected. A signed return of service from a private process server is "strong evidence of valid service." Greater St. Louis

---

[2]Further, although these Defendants have not argued that the Plaintiff's Complaint was subject to dismissal in state court, Judge Reidinger held in his January 24, 2008 Order that the Plaintiff had two days remaining, at the time of removal, to procure alias and pluries summonses for the Defendants, and thus, her Complaint was not subject to dismissal at that time.

5

Constr. Laborers Welfare Fund v. Little, 182 F.R.D. 592, 595 (E.D. Mo. 1998). See also Mobern Electric Corp. v. Walsh, 197 F.R.D. 196, 198 (D.D.C. 2000) (finding process server's affidavit created rebuttable presumption that service was valid); Kost v. United Parcel Serv., 926 F. Supp. 1022, 1024 (D. Kan. 1996) (finding return of service combined with accompanying affidavit of counsel established a prima facie case of valid service). In order to rebut this presumption, a defendant bears a heavy burden. A presumption of valid service "can be overcome only by strong and convincing evidence." Greater St. Louis Constr. Laborers Welfare Fund, 182 F.R.D. at 595. Thus, a defendant must do more than just merely allege that service was defective. See FROF, Inc. v. Harris, 695 F. Supp. 827, 829 (E.D. Pa. 1988) ("a bare allegation by a defendant that he was improperly served cannot be allowed to bely the private process server's return").

First, as the previously dismissed Defendants argued, the remaining four Defendants each allege to have been served with only partial copies of the Complaint – each missing pages 11 through 26 of the 39-page Complaint (the same pages alleged to have been missing by the previously dismissed Defendants). Rule 4(c) of the Federal Rules of Civil Procedure requires that a copy of the "summons must be served with a copy of the complaint." This provision has been interpreted to require the service of a copy of the complaint as filed; thus, the service of a partial copy of the complaint does not constitute valid service under Rule 4. See West Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1529 (9th Cir. 1990) (finding plaintiff's service of an incomplete draft complaint which was seven pages shorter than complaint failed to comply with Rule 4 "because that Rule requires service of the filed complaint").

The Defendants have alleged that none of them received a full and complete copy of the filed Complaint. First, Larry Wood, who was serving as one of two co-interim City Managers for the City of Gastonia, avers in his sworn affidavit that in March of 2007 he received the subject Summons and

6

Complaint via certified mail and that the 39-page Complaint was missing pages 11 through 26. Although the affidavit does not specify on whose behalf Mr. Wood received these documents, it is clear from the record that this was attempted service on the Defendant City of Gastonia. The other co-interim City Manager, Phillip Bombardier, also avers that he received a copy of the Summons and Complaint with the Complaint missing pages 11 through 26.

In addition, Defendant Sult has sworn in his affidavit that he received one Summons and Complaint directed to him in his official capacity, and one Summons and Complaint directed to him in his individual capacity – both dated March 9, 2007. He avers that the Complaints attached to each Summons were also missing pages 11 through 26. Similarly, Defendant Jennifer Stultz avers that she received three copies of the Summons and Complaint (one to her in her individual capacity, one to her in her official capacity, and one to the City of Gastonia), and that "[t]o the best of her knowledge and recollection, the complaints attached to each summons were identical, and all three complaints were missing pages numbered 11 through 26."

Ashley Smith, the City Attorney for the City of Gastonia, testifies in her affidavit that she received a Summons and Complaint for the subject action from Larry Wood, as well as another copy of the Summons and Complaint from the second Interim City Manager, Phillip Bombardier. She also received three copies of the Summons and Complaint from Defendant Jennifer Stultz. She avers that "[e]ach of the five complaints contained in all of the envelopes described above were identical in that they consisted of pages 1 through 10 and 27 through 39."

The Police Attorney for the City of Gastonia, Stephanie Webster, was forwarded the two copies of the Summons and Complaint received by Defendant Sult, and Defendant Whitlock provided her with the Summons and Complaint directed to him in his official capacity, and the Summons and Complaint directed to him in his individual capacity. She swears that "[e]ach of the four complaints contained in the envelopes described above were identical in that they contained pages 1 through 10

7

and pages 27 through 39."

The Plaintiff attempts to rebut these allegations by incorporating by reference the affidavits of Anna Mahmood and process server James DeWitt, which were originally submitted in opposition to the now-dismissed Defendants' arguments that they were not served with full and complete copies of the Complaints. Ms. Mahmood avers the following: (1) that Pamela Hunter requested she make copies of the Summons and Complaint, and address the envelopes for certified mail, and service by James DeWitt; (2) that she personally hand-copied all pages of the Complaint and Summons; (3) that she then placed these completed copies into the envelopes for mailing and personal service; (4) that she did not fail to copy any pages of the Complaint and Summons; and (5) that she then put the completed copies of the Summons and Complaint into the envelopes and personally sealed the envelopes. Mr. DeWitt's affidavit also avers that he received these sealed envelopes and "did not tamper with or remove any pages from the envelopes."

In evaluating the information contained in Ms. Mahmood's affidavit, the following reasoning as to the exact affidavit at issue here in Judge Reidinger's January 24, 2008 Order is instructive:

> While Ms. Mahmood states in her affidavit that she copied "all pages of the Complaint and Summons," she does not state *when* she made these copies. As such, the Court cannot determine which copies she is referring to; Ms. Mahmood could be referring to the copies made when the Plaintiff first filed her Complaint in state court on August 21, 2006, or when the alias Summonses issued in October, 2006, or even when the federal Summonses issued in March, 2007.
>
> Ms. Mahmood's statement is further called into doubt by the multiple affidavits submitted by the Defendants which establish that every copy of the Complaint that was served on these Defendants was missing the same number of pages. At best, Ms. Mahmood's affidavit establishes that she copied all of the pages of the Complaint that were *provided* to her, but does not foreclose the very real possibility that she was given an incomplete copy of the Complaint to copy.

As the same affidavit has been provided to rebut almost identical allegations as were at issue in the January 24, 2008 Order, the Court finds "the law of the case" applies to the subject Motion. The Court

cannot overlook the fact that the Plaintiff has been confronted for a second time with the exact argument which resulted in dismissal of several of the Defendants in this action, yet has not been able to supplement the evidence (aside from clarifying Ms. Mahmood's age in her affidavit) which was deemed insufficient in the Court's ruling on the earlier Motion to Dismiss.

Also, while it is true that the affidavit of a process server is "strong evidence of valid service," Greater St. Louis Constr. Laborers Welfare Fund, 182 F.R.D. at 595, Mr. DeWitt's affidavit merely states that he received sealed envelopes and did not tamper with them. He, therefore, is not in a position to testify as to whether the sealed envelopes contained the entire Complaint. See January 24, 2008 Order at 27 (document #129) (finding Mr. DeWitt's affidavit offered "no substantive evidence on the issue at hand").

In contrast, the Defendants have provided multiple affidavits by those who received the envelopes with the Summonses and Complaints, as well as witnesses who also viewed the Summonses and Complaints – all of whom agree that pages 11 through 26 were missing from the copies they received, the same pages missing from the Complaints served on the previously dismissed Defendants. The Court finds the volume and consistency of the Defendants' evidence convincing, and the evidence provided by the Plaintiff insufficient. Accordingly, the Court concludes that the Plaintiff has failed to carry her burden of showing that full and complete copies of the Complaint were served on these Defendants, and therefore that these Defendants were not properly served within 120 days of the removal of this action. Accordingly, the undersigned respectfully recommends that the remaining Defendants' Motion to Dismiss be granted on the ground that they were not served with full and complete copies of the Complaint.[3]

---

[3]The Defendants also argue that service was improper as to Defendants Sult, Whitlock, and Stultz because it was effected on persons not authorized to accept service for each of them. The Court will not address these arguments because dismissal is proper based upon the Plaintiff's failure to serve on them full and complete Complaints.

### B. 12(b)(6) Motion to Dismiss

#### 1. Standard of Review

"A motion to dismiss under [Fed. R. Civ. P. 12(b)(6)] tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir.), cert. denied, 510 U.S. 828 (1993), citing 5A C. Wright & A. Miller, Fed. Practice and Procedure §1356 (1990).

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In the United States Supreme Court's most recent examination of this standard, it explained:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels or conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact). . . . And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and "that a recovery is very remote and unlikely."

Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted).

In considering a Rule 12(b)(6) motion, the complaint must be construed in the light most favorable to the nonmoving party, assuming factual allegations to be true. See, e.g., Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); Martin Marietta v. Int'l Tel. Satellite, 991 F.2d 94, 97 (4th Cir. 1992); and Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir. 1989).

#### 2. Failure to Allege Actionable Negligence

The Defendants briefly argue (in one paragraph) that Defendants Sult and Stultz should be dismissed from this action because "the Plaintiff fails to allege any actionable negligence . . . either in

an individual or representative capacity" on their part. In the light most favorable to the Plaintiff, she appears to be alleging that these Defendants are responsible both through their actions and inactions, both on the day in question and in their general policies, patterns of conduct, and their failure to properly train and supervise police officers. The Defendants brief argument on this point has provided no reason for the Court to interpret the Complaint otherwise at this stage in the proceedings. Accordingly, the undersigned finds this argument to be without merit and would respectfully recommend that the Defendant's Motion to Dismiss be <u>denied</u> on this basis (should the Motion not ultimately be granted on the service of process issue).

### 3. **Defendant Sult's Timing of Employment**

Defendant Sult credibly avers that he should be dismissed from this action because he did not become Chief of Police until August 23, 2004 – three days after the subject incident. Although this argument does not impact the claims against Defendant Sult in his official capacity because those are made against his office and not him individually, it would be improper to allow the claims against Sult in his individual capacity to proceed based on conduct <u>before</u> he assumed office. Accordingly, in addition to the reasons stated above, the undersigned respectfully recommends that the Defendant's Motion to Dismiss be <u>granted</u> as to Defendant Sult in his <u>individual</u> capacity on this alternative ground.

### III. **RECOMMENDATION**

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that the Defendants' Motion to Dismiss (document #136) be **GRANTED**.

### IV. **NOTICE OF APPEAL RIGHTS**

The parties are hereby advised that, pursuant to 28 U.S.C. § 636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this

Memorandum must be filed within ten (10) days after service of same. Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989); United States v. Rice, 741 F. Supp. 101, 102 (W.D.N.C. 1990). Failure to file objections to this Memorandum with the district court constitutes a waiver of the right to de novo review by the district court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder, 889 F.2d at 1365. Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Wells, 109 F.3d at 201; Page, 337 F.3d at 416 n.3; Thomas v. Arn, 474 U.S. 140, 147 (1985); Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Martin K. Reidinger.

**SO RECOMMENDED AND ORDERED.**

Signed: July 11, 2008

*Carl Horn, III*

Carl Horn, III
United States Magistrate Judge