**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

**CIVIL CASE NO. 3:06cv476**

| | |
|---|---|
| JOYCE E. PATTERSON, as Administratrix of the Estate of Yolanda Evett Patterson Hemphill,  ) ) ) ) ) | |
| Plaintiff,  ) ) | |
| vs.  ) ) | **O R D E R** |
| STEVEN BROWN, *et al.,*  ) ) | |
| Defendants.  ) ) | |

**THIS MATTER** is before the Court on the Defendants' Motion to

Dismiss [Doc. 136] and the Plaintiff's Objections [Doc. 143] to the

Magistrate Judge's Memorandum and Recommendation and Order [Doc.

142][1], recommending that the Defendants' Motion to Dismiss be granted.

## I.    PROCEDURAL HISTORY

The Plaintiff Joyce E. Patterson, as Administratrix of the Estate of

Yolanda Evett Patterson Hemphill ("decedent"), filed this civil action in the

General Court of Justice, Superior Court Division, for Gaston County,

---

[1]The Magistrate Judge originally filed a Memorandum and Recommendation and Order on July 11, 2008 [Doc. 141].  A corrected version of the Memorandum and Recommendation and Order [Doc. 142] was filed on July 14, 2008.

North Carolina on August 21, 2006.  [Doc. 1-4].  The case was removed to this Court on November 17, 2006.  [Doc. 1].  The Plaintiff alleges that on August 20, 2004, the decedent was unlawfully arrested by security officers at the Sears store in the Westfield/Eastridge Mall and that excessive force was used in effectuating the decedent's arrest.  The Plaintiff further alleges that when the decedent was taken to jail, her requests for medical assistance were repeatedly denied, resulting in her death later that day.  The Complaint asserts claims for violation of the decedent's civil rights pursuant to 42 U.S.C. § 1983 and the United States and North Carolina Constitutions, as well as numerous state law claims for assault, negligence, intentional infliction of emotional distress, wrongful death, negligent training, and negligent retention and supervision.  [Doc. 1-4].

The Defendants D. Whitlock, a police officer with the City of Gastonia Police Department; Terry Sult, the City of Gastonia Police Department Chief of Police; the City of Gastonia; and Jennifer Stultz, the Mayor of the City of Gastonia (collectively the "City of Gastonia Defendants") filed an Answer to the Plaintiff's Complaint on May 29, 2007.  [Doc. 97].  In their Answer, the City of Gastonia Defendants asserted numerous defenses,

including the defenses of insufficient process and insufficient service of process.

On January 24, 2008, this Court entered an Order [Doc. 129] dismissing several other named defendants due to lack of service of process. As a result of this Order, the City of Gastonia Defendants became the only Defendants remaining in this action.

On June 5, 2008, the City of Gastonia Defendants filed the present Motion to Dismiss [Doc. 136], seeking dismissal on several grounds. First, they seek dismissal based upon the Plaintiff's alleged improper service of process. In this regard, the Defendants not only allege that the Plaintiff failed to serve them in a manner prescribed by Rule 4 of the Federal Rules of Civil Procedure, but they also allege that they were served with only partial copies of the Complaint. Defendants Sult and Stultz argue as additional grounds for dismissal that the Complaint fails to allege any actionable negligence on their part. Additionally, Defendant Sult argues that he should be dismissed because he was not an employee of the City of Gastonia on the date of the events giving rise to this civil action.

The Magistrate Judge filed a Memorandum and Recommendation and Order on July 14, 2008, recommending that the Defendants' Motion to

Dismiss be granted on the ground that the Defendants were not served with full and complete copies of the Complaint. [Doc. 142 at 9]. Finding that dismissal was proper on this ground, the Magistrate Judge did not address the other arguments raised by the Defendants. [Id. at n.3]. The Plaintiff's Objections to the Memorandum and Recommendation and Order were timely filed on July 28, 2008. [Doc. 143].

## II.    STANDARD OF REVIEW

A party may file written objections to the Magistrate Judge's memorandum and recommendation within ten days after being served with a copy of the recommended disposition. 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2). Such objections must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir.), cert. denied, 127 S.Ct. 3032, 168 L.Ed.2d 749 (2007). The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge to which no objections have been raised. Thomas v. Arn, 474 U.S. 140, 150, 106 S.Ct. 466, 472, 88 L.Ed.2d 435 (1985). Additionally, the Court need not conduct a de novo review where a party makes only "general and conclusory objections that do not

4

direct the court to a specific error in the magistrate's proposed findings and recommendations." <u>Orpiano v. Johnson</u>, 687 F.2d 44, 47 (4th Cir. 1982). Where no objections are made, the Court need "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." <u>Diamond v. Colonial Life & Accident Ins. Co.</u>, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, advisory committee note), <u>cert. denied</u>, 546 U.S. 1091, 126 S.Ct. 1033, 163 L.Ed.2d 855 (2006).

## III.    DISCUSSION

In her Objections, the Plaintiff asserts that "each of the Defendants as referred to in [this Court's] January 24, 2008 Order as well as the Defendants [who were the subject of the Magistrate Judge's Memorandum and Recommendation and Order] have been served properly with service of process on multiple occasions."  [Doc. 143].

To the extent that the Plaintiff's Objections are directed to the dismissal of the Defendants in the Court's January 24, 2008 Order, these objections are improper and untimely and will not be considered further. With regard to the Magistrate Judge's Memorandum and Recommendation and Order, the Plaintiff's Objections fail to "direct the court to a specific

error in the magistrate's proposed findings and recommendations."

Orpiano, 687 F.2d at 47. Rather, the Plaintiff merely restates the

arguments previously made to the Magistrate Judge. "A general objection,

or one that merely restates the arguments previously presented is not

sufficient to alert the court to alleged errors on the part of the magistrate

judge. An 'objection' that does nothing more than state a disagreement

with a magistrate's suggested resolution, or simply summarizes what has

been presented before, is not an 'objection' as that term is used in this

context." Aldrich v. Bock, 327 F.Supp.2d 743, 747 (E.D. Mich. 2004).

Because the Plaintiff has failed to make specific objections, the Court is

not obligated to conduct a de novo review of the Magistrate Judge's

proposed findings and conclusions.

Even if Plaintiff's arguments could be construed as properly made

objections, the only argument that is directed to the Magistrate Judge's

findings and recommendation is the Plaintiff's assertion that she "has

properly rebutted allegations that pages were missing from the Complaint."

[Doc. 143 at 2]. In support of this assertion, she cites the Amended

Affidavit of Anna Mahmood [Doc. 140], which was filed in support of her

opposition to the Defendants' Motion to Dismiss. Ms. Mahmood's

Amended Affidavit consists of one line and merely states that she is over the age of eighteen.[2]  This Amended Affidavit is not relevant to the issue of whether the Defendants were served with full and complete copies of the Complaint, and it certainly does nothing to rebut the numerous sworn affidavits submitted by the Defendants in support of their assertion that the copies of the Complaint with which they were served were incomplete.

After a careful review of the Memorandum and Recommendation and Order, the Court finds that the Magistrate Judge's proposed findings are supported by the record and that his proposed conclusions of law are consistent with current case law.  Accordingly, the Court hereby accepts the Magistrate Judge's Recommendation that the Motion to Dismiss [Doc. 136] filed by the City of Gastonia Defendants be granted.

# O R D E R

**IT IS, THEREFORE, ORDERED** that the Magistrate Judge's Memorandum and Recommendation and Order [Doc. 142] filed July 14,

---

[2]This Amended Affidavit is presumably in response to the Court's finding in the January 24, 2008 Order that Ms. Mahmood's original Affidavit [Doc. 126-3] failed to recite that the affiant is over the age of eighteen and competent to testify to the matters contained therein.  The fact that Ms. Mahmood has amended her Affidavit to assert that she is of the age of majority does not alter the Court's conclusion that Ms. Mahmood's Affidavit is of "questionable value."  See Doc. 129 at 26.

2008 is hereby **ADOPTED**, the Defendants' Motion to Dismiss [Doc. 136] is

**GRANTED**, and the Plaintiff's claims against the Defendants the City of

Gastonia, D. Whitlock, Terry Sult, and Jennifer Stultz are hereby

**DISMISSED WITHOUT PREJUDICE**.

The Clerk of Court is hereby **DIRECTED** to close this case.

**IT IS SO ORDERED.**

Signed: September 22, 2008

Martin Reidinger
United States District Judge